### THOMAS F. YOUNG'S APPEAL FROM COUNTY COMMISSIONERS.

First Judicial District, Hartford, March Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Where two statutes are clearly antagonistic, the later one must be taken to express the final legislative intent.

Chapter 263 of the Public Acts of 1917, approved May 10th, 1917, permits the county commissioners to grant a renewal license to sell liquor, for a period not later than the first Monday of the *second month* after a town shall have voted no license; while Chapter 322, approved May 16th, 1917, declares that the license vote of a town "shall become operative" on the first Monday of *the month next succeeding* that in which it was had. *Held* that the two Acts were plainly irreconcilable, and that the county commissioners had no authority to renew a license to sell beyond the date when the no-license vote became "operative" under the terms of the later Act.

Argued March 5th—decided April 30th, 1918.

APPEAL from the refusal of the County Commissioners of Litchfield County to grant the renewal of a liquor license to the applicant, Thomas F. Young, taken by him to, and reserved by, the Superior Court in Litchfield County, *Maltbie, J.*, for the advice of this court. *Superior Court advised to affirm the action of the County Commissioners.*

*Leonard J. Nickerson* and *John F. Addis*, for the applicant, Thomas F. Young.

*John T. Hubbard*, for the County Commissioners.

SHUMWAY, J. This case comes to this court by reservation from the Superior Court in Litchfield county. It appears from the record that the town of New Milford, on the first Monday of October, 1917, voted against the granting of licenses to sell intoxicating liquors. At that time the appellant, Thomas F. Young, was a licensed dealer in said town. Young applied to the county commissioners for a renewal of his license until the first Monday in December, 1917, under the provisions of Chapter 263 of the Public Acts of 1917. The county commissioners ruled that they had no authority to renew the license.

The question of law upon which the Superior Court asks the advice of this court is in substance whether the ruling of the commissioners was correct.

The legislature of 1917 enacted two measures. One, Chapter 263, entitled "An Act amending an Act concerning Ballot on the License Question," approved May 10th, 1917, and the other, Chapter 322, entitled "An Act amending an Act concerning Ballot on the Question of License," approved May 16th, 1917; both of these Acts in terms amending Chapter 224 of the Public Acts of 1909.

One of the rules for the construction of statutes, first to be applied, is: "Later statutes repeal prior contrary statutes." Whatever limitations or exceptions to this rule there may be, there are none which in any manner qualify the proposition that if two statutes are expressly contrary, the later one is the law. When once the legislative will is discovered, the courts are not at liberty to disregard it, by invoking any rule of construction. The two statutes now under consideration are clearly antagonistic. It seems impossible to find any interpretation to uphold the contention that both are in force and effective.

Chapter 263 permits the county commissioners to renew any license to sell intoxicating liquors, after the town has voted no license, for a period not later than the first Monday of the second month after the vote is taken. While Chapter 322 provides that whenever a vote is taken on the question of granting licenses, "the" vote shall become operative on the first Monday of the month next succeeding the town meeting. It needs only to state the terms of the two statutes to show that their provisions are irreconcilable. A no-license vote does not become "operative" at the given time if the county commissioners can renew all existing licenses for one month longer.

The Superior Court is advised to affirm the action of the County Commissioners.

In this opinion the other judges concurred.